IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERICA JACKSON                                                                                      PLAINTIFF
*On Behalf Of*
A MINOR CHILD, A.J.

vs.                                            Civil No. 4:08-cv-04111

MICHAEL J. ASTRUE                                                                                DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Erica Jackson ("Plaintiff") brings this action on behalf of a minor child, A.J., and pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") on behalf of A.J. under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for SSI on behalf of A.J. on April 14, 2005. (Tr. 88-90). In the application at issue, and in other documents filed with the SSA, Plaintiff alleges A.J. was disabled due to a learning disorder. (Tr. 81, 102). Plaintiff alleges that A.J.'s onset date was

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

January 1, 1998. (Tr. 88). This application was denied initially on August 31, 2005 and was denied again on reconsideration on January 24, 2007. (Tr. 76-78, 82-84). On March 1, 2007, Plaintiff requested an administrative hearing on her application. (Tr. 72). An administrative hearing was held on April 21, 2008 in Little Rock, Arkansas. (Tr. 590-609). Plaintiff was present and was represented by Stanley Brummal, at this hearing. *See id.* Plaintiff testified at this hearing and A.J. was present. *See id.* At the time of this hearing, A.J. was fifteen years old and was in the ninth grade. (Tr. 58, 88).

On June 23, 2008, the ALJ entered an unfavorable decision denying Plaintiff's request for disability benefits for A.J. (Tr. 14-24). In this opinion, the ALJ determined A.J. was born on August 26, 1992, was a school-age child on April 14, 2005 (the date the application was filed), and was a school-age child on June 23, 2008 (the date of the ALJ's decision). (Tr. 17, Finding 1). The ALJ determined A.J. had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to the ALJ's decision. (Tr. 17, Finding 2).

The ALJ determined A.J. had the severe impairments of a learning disorder. (Tr. 17, Finding 3). The ALJ, however, also determined the evidence did not establish A.J. had an impairment or a combination of impairments that were either listed in, or medically equivalent to, those listed in Appendix 1, Subpart P, Regulation No. 4 ("Listings"). (Tr. 17, Finding 4).

The ALJ also evaluated the six functional domains and determined A.J. did not have an impairment or a combination of impairments that were functionally equivalent to the Listings. (Tr. 17-24, Finding 5). Specifically, the ALJ determined A.J. had a marked limitation in acquiring and using information. *See id.* The ALJ also determined A.J. had no limitations in attending and completing tasks, in interacting and relating with others, in health and physical well-being, in moving about and manipulating objects, and in the ability to care for herself. *See id.* The ALJ

2

determined that because A.J. did not have an impairment or combination of impairments that resulted in either a "marked" limitation in any two domains of functioning or an "extreme" limitation in any one domain of functioning, A.J.'s impairments or combination of impairments were not functionally equivalent to the Listings. (Tr. 17-24, Finding 5). Accordingly, the ALJ also determined A.J. was not disabled and had not been disabled at any time since April 14, 2005, the date Plaintiff filed A.J.'s application. (Tr. 24, Finding 6).

On August 5, 2008, Plaintiff requested the Appeals Council review the ALJ's hearing decision and order. (Tr. 7-9). On September 23, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On November 24, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on December 11, 2008. (Doc. No. 4). Both Plaintiff and Defendant have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409. Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed his application in 2006, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is

medically or functionally equivalent, to a disability listing in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3. Discussion:**

Plaintiff claims the ALJ's decision that A.J.'s impairment did not constitute Mental Retardation Listing 112.05 is not supported by substantial evidence, and the ALJ failed to fully and fairly develop the record. (Doc. No. 7, Pg. 5-8). Defendant claims Plaintiff failed to meet her

5

burden of demonstrating an impairment or combination of impairments which met the requirements of Mental Retardation Listing 112.05 and the ALJ fully and fairly developed the record. (Doc. No. 8, Pg. 2-9).

The analysis of mental retardation in children is made pursuant to 20 C.F.R. Pt. 404, Subpt. P, App. 1, §112.05(D). In order to meet the requirements of Appendix 1 Listing 112.05(D) a claimant must show a valid verbal, performance, or full-scale IQ of 60 through 70, and a physical or other mental impairment imposing additional and significant work-related limitations of function. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 112.05(D). The physical or other mental impairment need only be a slight or minimal effect on the claimant's ability to perform work-related activities. *See Sird v. Chater*, 105 F.3d 401, 403 (8th Cir. 1997).

On July 18, 2005, A.J. was administered the Wechsler Intelligence Scale For Children – Third Edition (WISC III) by Keith Norwood, M.S. On the WISC-III, Claimant obtained IQ scores of 70 verbal, 64 performance, and 64 full scale. (Tr. 290). It was also determined A.J.'s reading and spelling abilities were at the 1st Grade level and arithmetic functions were at the 2nd Grade level. (Tr. 290). A.J.'s evaluation of adaptive functioning suggested weaknesses with adaptive behavior functioning in the areas of self care, functional academic ability and social interpersonal skills. (Tr. 291).

On May 8, 2008, A.J. had a psychological evaluation performed by Dr. Tom Wright. (Tr. 340-343). Test results indicated a verbal IQ of 68, a performance IQ of 68 and a full scale IQ of 66. (Tr. 342). The evaluation also showed A.J. was reading and spelling at a level less than 3rd Grade, and was performing arithmetic functions at a 3rd Grade level. (Tr. 342). Dr. Wright also indicated A.J.'s appearance, verbalizations and demeanor suggest compellingly that he suffered from depression. (Tr. 340). Dr. Wright further indicated A.J.'s depression was at least moderately severe

and characterized by decreased appetite accompanied by weight loss, self-isolation, anhedonia, irritability, hypersomnia and lethargy. (Tr. 341).

Dr. Wright found an Axis I diagnosis of reading disorder, mathematics disorder and depression. (Tr. 343). Dr. Wright also found an Axis II diagnosis of mild mental retardation. (Tr. 343). Dr. Wright assigned A.J. a Global Assessment of Functioning ("GAF") score of 45, which is indicative of serious symptoms or any serious impairment in social, occupational, or school functioning. (Tr. 343).

As discussed above, to meet Listing 112.05(D) there must be showing of (1) a valid verbal, performance, or full-scale IQ of 60 through 70, and (2) a physical or other mental impairment imposing additional and significant work-related limitations of function. Plaintiff argues these showings have been made based on A.J.'s I.Q. scores and Dr. Wright's diagnosis of depression.

The ALJ indicated he considered the mental retardation Listing 112.05(D), but found A.J.'s daily functioning was not consistent with his IQ scores and that A.J. experienced no mental or physical impairment which imposed an additional and significant limitation of functioning. (Tr. 17). The ALJ also discounted the diagnosis of depression made by Dr. Wright because the diagnosis appeared to be based on reports from A.J.'s mother and because hearing testimony made no reference to depression, weight loss, self-isolation, and irritably which was referenced on page two of Dr. Wright's report. (Tr. 20). This analysis is not sufficient to deny Plaintiff's claim for benefits.

If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify the report and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Further, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023

(8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). The ALJ has this duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel.

Given A.J.'s low IQ scores, a G.A.F. score of 45 and diagnosis of depression, the A.L.J. was on notice of an additional mental impairment, namely depression, and the need for clarification. The severity of A.J.'s alleged depression needs further evaluation in order to be properly considered. This could include additional testing, evaluation, and clarification from Dr. Wright, who first made the diagnosis. Once the record is sufficiently developed the A.L.J. can then fully and fairly evaluate A.J.'s IQ scores and diagnosis of depression made by Dr. Wright, pursuant to Listing 112.05(D).

I find the ALJ did not fully and fairly develop the record, and this case should be reversed and remanded. Because I find the ALJ did not fully and fairly develop the record in this case, the remainder of Plaintiff's claims are not addressed in this Memorandum Opinion.

**4. Conclusion:**

Based upon the foregoing, the decision of the ALJ, denying benefits to A.J., is not supported by substantial evidence and must be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of March, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE